UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHAWN NICOLE LOFTON, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-5716 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) |
| STANDARD PARKING CORPORATION and | ) |
| TEAMSTERS LOCAL UNION NO. 727, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff LaShawn Nicole Lofton has brought this action against her former employer, Standard Parking Corporation, and her union, Teamsters Local Union No. 727. Lofton moved to proceed *in forma pauperis* ("IFP"), which was granted; and counsel was appointed. Defendants have jointly moved to dismiss the Second Amended Complaint, based on misrepresentations on Lofton's IFP application, or, in the alternative, for judgment on the pleadings. For the reasons discussed below, Defendants' Motion to Dismiss based on Lofton's IFP application [58] is granted; and the Motion for alternative relief is denied as moot. Furthermore, Teamsters Local Union 727's Motion to Dismiss [53] and Standard Parking Corporation's Motion to Dismiss Counts 4 and 5 [55] are denied as moot. The Second Amended Complaint is dismissed with prejudice. Civil case is terminated.

## STATEMENT

With regard to cases filed *in forma pauperis*, 28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915 (e)(2)(A) (emphasis added). Whether the dismissal of the case is with or without prejudice is within the discretion of the district court. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). As the purpose of the IFP application is to encourage forthrightness and discourage fraud on the court, dismissal with prejudice has been viewed as an appropriate sanction for lying on the IFP. *See, e.g., Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002); *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008).

In this case, Defendants have submitted information about Lofton's bankruptcy proceedings that directly contradict the representations that Lofton made on her IFP filed in this case. Specifically, Defendants have shown that Lofton failed to disclose the following on her IFP application: (1) that she owned a house; (2) that she received gifts in the amount of more than $200 in the twelve months prior to filing her IFP application; (3) that she owned a car worth more than $1,000; and (4) that she owned personal property with a current market value of more than $1,000 in the form of a fur coat that she had purchased for $2,600. Lofton concedes that she

failed to disclose those assets but contends that she misunderstood the questions and that, in any event, the errors are harmless because she is actually impoverished.

In completing her IFP application, Lofton verified that its information was correct and that false statements would lead to dismissal of her lawsuit when she signed under the following statement:

> I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(a)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

(*See* Dkt. No. 4.) The IFP application asked specific questions about real estate and vehicles, including the current value and equity held in such items. (*See id.*, Questions 7 & 8.) As shown by Defendants, Lofton previously disclosed these assets when filing for bankruptcy.

Lofton has made misrepresentations about her financial status and committed a fraud on the Court. Lofton's argument that she misunderstood the IFP application's request for information about her assets is not well-taken in light of her bankruptcy filings disclosing those very assets. Furthermore, any inadvertent errors Lofton might have made does not excuse her deception. *See Mathis*, 133 F.3d at 547-48 (affirming dismissal with prejudice although plaintiff averred that errors in IFP application were inadvertent errors). Lofton has benefited from her fraudulent misrepresentations by avoiding paying the filing fee and having counsel appointed, *pro bono*, to represent her in her federal lawsuit. Dismissal with prejudice is an appropriate sanction.

Consequently, Defendants' Motion to Dismiss [58] is granted with respect to Lofton's IFP misrepresentations and is denied as moot with respect to judgment on the pleadings. Accordingly, Teamsters Local Union 727's Motion to Dismiss [53] and Standard Parking Corporation's Motion to Dismiss Counts 4 and 5 [55] are denied as moot. The case is dismissed with prejudice and is terminated.

Date: October 8, 2013

JOHN W. DARRAH
United States District Court Judge